# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Bucky Joe Proffitt,**
**Petitioner Below, Petitioner**

**FILED**

**April 15, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 15-0164** (Mercer County 06-F-100)

**Mark Williamson, Warden,**
**Denmar Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Bucky Joe Proffitt, pro se, appeals the November 21, 2014, order of the Circuit Court of Mercer County dismissing his petition for writ of habeas corpus. Respondent Mark Williamson, Warden, Denmar Correctional Center, by counsel Laura Young, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

A healthcare worker alleged that petitioner sexually assaulted her while she was in his home on the morning of June 30, 2005. She was present that day to provide home health care services to a member of petitioner's family. Petitioner claimed that he and the healthcare worker had a brief, consensual sexual encounter. Following a trial in December of 2006, petitioner was found guilty by a jury of sexual assault in the second degree and was sentenced to ten to twenty-five years in prison.

In March 2009, petitioner filed a motion for a new trial asserting newly discovered evidence pursuant to Rule 33 of the West Virginia Rules of Criminal Procedure. The circuit court held a hearing and denied the motion by an order entered on March 22, 2010. In *State v. Proffitt*, No. 101224 (W.Va. Supreme Court, April 29, 2011) (memorandum decision), this Court affirmed the March 22, 2010, order.

1

Subsequently, on October 16, 2012, the circuit court received a letter from petitioner's wife regarding an earlier motion for reconsideration of sentence filed pursuant to Rule 35(b) of the Rules of Criminal Procedure. The circuit court then held a hearing on the motion on October 29, 2012, noting "the letter proffered regarding [petitioner's mother's] health." The circuit court received, under seal, a report on the medical condition of petitioner's mother. The circuit court took the motion under advisement, but ordered that, while it was pending, petitioner be allowed to post bond and be on home incarceration at his wife's residence. The circuit court conditioned petitioner's home incarceration on GPS monitoring of petitioner and ordered that the only exceptions to the home incarceration would be for medical appointments. The circuit court directed the probation department to further "investigate [petitioner]'s mother's alleged medical condition." Subsequently, the circuit court entered an order on January 31, 2013, denying petitioner's motion for reconsideration of sentence and remanding him into the custody of the Division of Corrections ("DOC"). The circuit court gave petitioner credit for the time he served on home incarceration. Petitioner did not appeal the circuit court's January 31, 2013, order.

Instead, petitioner filed a petition for writ of habeas corpus on November 18, 2014, alleging that it was unfair for the circuit court to remand him into the DOC's custody when he complied with the terms and conditions of his home incarceration. The circuit court dismissed the petition by an order entered on November 21, 2014. The circuit court explained that there was nothing in the petition for the court to "substantively review."

Petitioner now appeals the circuit court's November 21, 2014, order dismissing his habeas petition. We apply the following standard of review in habeas appeals:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 418, 633 S.E.2d 771, 772 (2006).

On appeal, petitioner reiterates the argument from his habeas petition: it was unfair for the circuit court to remand him into the DOC's custody when he complied with the terms and conditions of his home incarceration. Respondent counters that petitioner was on home incarceration only while his motion for reconsideration of sentence was pending and that the motion was denied in the circuit court's January 31, 2013, order, which petitioner did not appeal. *See* Syl. Pt. 4, *State ex rel. McMannis v. Mohn*, 163 W.Va. 129, 130, 254 S.E.2d 805, 806 (1979), *cert. denied*, 464 U.S. 831 (1983) (holding that a habeas corpus proceeding is not an appeal substitute "in that ordinary trial error not involving constitutional violations will not be reviewed"). We discern no constitutional violations in this case. First, as respondent points out, the sentence of which petitioner sought reconsideration was within statutory limits.[1] *See* Syl. Pt. 4,

---

[1]West Virginia Code § 61-8B-4(b) provides for a sentence of ten to twenty-five years of
(continued . . .)

*State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504, 505 (1982) ("Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to . . . review."). Second, whether to grant or deny petitioner's Rule 35(b) motion constituted a matter within the circuit court's discretion. *See* Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 299, 480 S.E.2d 507, 508 (1996). Based on our review of petitioner's habeas petition, we find that the circuit court did not err in determining that the petition presented no substantive issues for it to review. Therefore, given the limited scope of habeas review, we conclude that the circuit court did not abuse its discretion in dismissing petitioner's petition.

For the foregoing reasons, we affirm the circuit court's November 21, 2014, order dismissing petitioner's petition for writ of habeas corpus.

Affirmed.

**ISSUED: April 15, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

incarceration, which was imposed in petitioner's case.